UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID FRANKLIN WEST,

          Plaintiff,

     v.

SNOHOMISH COUNTY, et al.,

          Defendants.

CASE NO. C06-1453-JCC

ORDER

This matter comes before the Court on Plaintiff's objections (Dkt. No. 62) to the Magistrate Judge's Report and Recommendation granting Defendants' motion for summary judgment (R&R) (Dkt. No. 56), as well as the balance of the papers filed in this case. Having reviewed the record, the Court has determined that oral argument is not necessary. For the reasons that follow, the Court hereby ADOPTS the R&R, GRANTS Defendants' Motion for Summary Judgment and DISMISSES Plaintiff's case with prejudice.

I.    **Background**

Plaintiff is a frequent inmate at Snohomish County Jail[1] proceeding *pro se* on a 42 U.S.C. § 1983

---

[1]As the Magistrate Judge noted, "Plaintiff has been incarcerated at the Snohomish County Jail no fewer than six times in the past year[.]" (R&R 2 (Dkt. No. 56).)

ORDER – 1

1   civil rights complaint against four Snohomish County employees. (Am. Compl. (Dkt. No. 10).)

2   Specifically, Plaintiff seeks damages from Defendants on the grounds that they violated his rights under

3   the Eighth and Fourteenth Amendments by failing to provide him with timely medical and dental

4   treatment. (Am. Compl. 3 (Dkt. No. 10 at 4).) Further, he claims that Defendants violated his Fifth

5   Amendment rights by failing to release him from custody. (Am. Compl. 4 (Dkt. No. 10 at 5).) Defendants

6   moved for summary judgment, in part on the basis that Plaintiff failed to demonstrate that Defendants

7   acted with "deliberate indifference" in regard to his medical needs and that Plaintiff's Eighth Amendment

8   claim thereby fails as a matter of law. (Dkt. No. 28 at 10.) On July 30, 2007, Magistrate Judge James P.

9   Donohue issued an R&R recommending that the Court grant Defendants' motion for summary judgment

10  on that basis. (R&R 11 (Dkt. No. 56).) The Magistrate Judge also found that Plaintiff's Fifth Amendment

11  claim was not cognizable in this § 1983 action because the confinement in this case has not been

12  expunged or invalidated by the grant of a writ of habeas corpus. (R&R 2 n.1 (Dkt. No. 56).)

13          In response to the R&R, Plaintiff filed objections in the form of a "Response to Report and

14  Recommendation" (Dkt. No. 62), which is properly before this Court. Plaintiff also filed two untimely

15  responses to Defendants' motion for summary judgment after the issuance of the R&R, an "Amendatory

16  Addendum Infinitum" filed July 30, 2007 (Dkt. No. 58), and an "Addendum to Motion to Deny Summary

17  Judgment" filed August 17, 2007 (Dkt No. 64). To the extent that they address the issues disposed of on

18  summary judgment, the Court has reviewed them.

19  **II.     Applicable Standard**

20          "The district judge may accept, reject, or modify the recommended decision" of the magistrate

21  judge. FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). In so doing, the Court must make a "de

22  novo determination upon the record . . . of any portion of the magistrate judge's disposition to which

23  specific written objection has been made." *Id*.

24          Additionally, summary judgment is appropriate "if the pleadings, depositions, answers to

25  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

26  ORDER – 2

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A party opposing a properly supported motion for summary judgment may not rest on the mere allegations of its pleading, but must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The nonmoving party must provide more than a "mere scintilla" of evidence to show a genuine issue of material fact. *Anderson*, 477 U.S. at 252.

**III.     Analysis**

     **A.     Plaintiff's Objections**

     Plaintiff in his objections and other post-R&R filings does not address the Magistrate Judge's recommendation regarding his Eighth Amendment claims based on delayed medical treatment. Instead, he puts forth theories of conspiracy and retaliation. (Pl.'s Resp. 2 (Dkt. No. 62).) Specifically, Plaintiff alleges that Snohomish County Prosecuting Attorney Hillary Evans, the Department of Corrections, Snohomish County, and Magistrate Judge James Donohue conspired to interfere with his exercise of a federal right, i.e., that they denied him the right to show evidence in this case because he was not able to complete sufficient discovery and he was denied access to the law library. (Def.'s Resp. 9 (Dkt. No. 62 at 9); Addendum to Mot. for Summ. J. 5 (Dkt. No. 64).) Therefore, he argues, the R&R was decided upon false information. (*Id*.) Plaintiff's access to the law library claim appeared previously in his Amended Complaint. (Dkt. No 10 at 8.) The Court dismissed that claim on February 2, 2007. (Dkt. No. 12 at 3.)

     Plaintiff supports his conspiracy theory with reference to certain "intersecting dates, and times, and instances"—for example, he states that he received a letter from Hillary Evans, the Snohomish County Prosecuting Attorney who is representing Defendants, in which she agreed to a discovery conference on the same day that the motion for summary judgment was noted for consideration. (Addendum 14, 20 (Dkt. No. 64).) Plaintiff claims that he had tried to contact Ms. Evans regarding a

ORDER – 3

1   discovery conference for weeks to no avail. (*Id.*) He alleges that the Department of Corrections sent him

2   to Monroe Correctional Complex for the purpose of keeping him out of a law library. (*Id.*) He argues that

3   the Court refused to assist him in his effort to complete discovery. (*Id.* at 15.) All of these acts, Plaintiff

4   argues, were done in retaliation for his filing this civil rights complaint. (*Id.* at 16.)

5        To resist summary judgment, however, Plaintiff cannot rest on mere allegations; rather, he must

6   show by affidavit evidence "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P.

7   56(e). Plaintiff has not carried his burden. The record shows that Ms. Evans sent Plaintiff numerous

8   letters in July 2007 offering to make herself available by phone for a discovery conference, and that

9   Plaintiff chose not to accept her offer. (Letters from H. Evans (Dkt. No. 62-2 at 2–4).) It appears that

10   Plaintiff had also previously failed to appear for a scheduled discovery conference. (Def.'s Reply 4 n.1

11   (Dkt. No. 44).) There is no evidence that Ms. Evans refused to confer with Plaintiff.

12        The record also shows that Plaintiff was provided access to the law library during his numerous

13   stints in jail. (Oster Decl. ¶ 5 (Dkt. No. 29 at 3); Grievance (Dkt. No. 62-3 at 13).) Further, there is no

14   constitutional right to a law library. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, "meaningful

15   access to the courts is the touchstone." *Id.* Thus, an inmate must:

16        go one step further and demonstrate that the alleged shortcomings in the library or legal
         assistance program hindered his efforts to pursue a legal claim. He might show, for
17        example, that a complaint he prepared was dismissed for failure to satisfy some technical
         requirement, which, because of deficiencies in the prison's legal assistance facilities, he
18        could not have known. Or that he had suffered arguably actionable harm that he wished to
         bring before the courts, but was so stymied by inadequacies of the law library that he was
19        unable even to file a complaint.

20   *Id.* In the instant case, Plaintiff filed an Amended Complaint and continued to file substantial pleadings in

21   his case that demonstrate his access to legal resources, as Plaintiff cites extensively to case law. The

22   record simply does not support the proposition that Plaintiff's ostensibly limited access to the law library

23   in any way stymied his ability to pursue his legal claim.

24        As for Plaintiff's claim that the Court improperly closed discovery, the record shows that

25   Magistrate Judge Donohue denied Plaintiff's first request for an extension of the discovery deadline

26   ORDER – 4

1   because when he asked for the extension, there was still over a month remaining for discovery. (Dkt. No.

2   38.) Plaintiff's request to extend discovery filed July 13, 2007 (Dkt. No. 49), is properly denied as

3   mooted by the R&R, since Plaintiff could not prove his claims as a matter of law, no matter how much

4   additional time he had for discovery. Moreover, the record shows no want of relevant discovery:

5   Defendants provided Plaintiff with complete discovery responses, including every kite relating to his

6   lawsuit. (Letter from Hillary Evans (Dkt. No. 62-2 at 2).) Relevant grievances were attached to the

7   Declaration of David Oster, filed on April 25, 2007 (Dkt. No. 29). Even in the absence of a complete

8   record of Plaintiff's kites, the grievances on record show that Plaintiff's constitutional claims are not

9   supportable.

10          The Court finds no genuine issues of material fact for trial based on Plaintiff's objections. Further,

11   because Plaintiff does not address the Magistrate Judge's determinations as to his Eighth and Fifth

12   Amendment claims, and because the Court has reviewed the Magistrate Judge's analysis and finds that it

13   is not in error, the Court adopts the R&R dismissing those claims.

14          **B.      Defendant's Motion for a Strike**

15          Defendants argue that this action is frivolous and should be counted as a "strike" against Plaintiff

16   pursuant to the Prison Litigation Reform Act (PLRA). (Def.'s Resp. 8 (Dkt. No. 65).) The PLRA

17   provides, in relevant part:

18          [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or
            proceeding under this section if the prisoner has, on 3 or more prior occasions, while
19          incarcerated or detained in any facility, brought an action or appeal in a court of the
            United States that was dismissed on the grounds that it was frivolous, malicious, or fails to
20          state a claim upon which relief may be granted, unless the prisoner is under imminent
            danger of serious physical injury.
21
22   28 U.S.C. 1915(g); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1049 (9th Cir. 2007). The Court does

23   consider Plaintiff's claims to be frivolous in this case, as they were wholly unsupported by the record.

24   Plaintiff's Eighth Amendment claim based on the "deliberate indifference" of Defendants in providing him

25   timely medical treatment stood in direct opposition to the facts. As the Magistrate Judge found and the

26   ORDER – 5

Court affirms, the "evidence of record is undisputed that shortly after plaintiff began filing kites—a mere day after booking—his concerns were addressed, his health conditions were examined, and his prescriptions were provided." (R&R 10 (Dkt. No. 56); Oster Decl. ¶ 7, 9 (Dkt. No. 29 at 3, 4); Behner Decl. (Dkt. 30); Baker Decl. (Dkt. 31).) Therefore, the dismissal of this action will count as one strike pursuant to the PLRA.

**IV.    Conclusion**

For the foregoing reasons, the Court ADOPTS the R&R, GRANTS Defendant's Motion for Summary Judgment and DISMISSES WITH PREJUDICE Plaintiff's § 1983 complaint. The Clerk is DIRECTED to CLOSE this case and to send copies of this Order to the parties and to Judge Donohue.


SO ORDERED this 5th day of October, 2007.

JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

ORDER – 6